UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DELMAS SEXTON II, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 1:11-CV-020 WL |
|  | ) |  |
| ALLEN COUNTY SHERIFF, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION & ORDER

Delmas Sexton II, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Sexton is a pretrial detainee being held in the custody of the Sheriff in a criminal case pending in Allen County. Although the hand-written petition is in places difficult to decipher, in essence Sexton is alleging that he is entitled to release because his speedy trial rights have been violated. (DE 1.) He has filed a separate motion asking the court to "stay" the ongoing state case to prevent him from being tried on the pending charges. (DE 7.)

As an initial matter, this court cannot stay or otherwise interfere with the state criminal charges pending against Sexton. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Furthermore, a state prisoner like Sexton cannot obtain federal habeas relief in advance of his criminal trial. *See United States ex rel. Stevens v. Circuit Court of Milwaukee*, 675 F.2d 946, 947 (7th Cir. 1982). The only recognized exception to this rule is where the prisoner alleges a double jeopardy violation. *Id.* at 949. Sexton does not allege

a double jeopardy violation. Although he is free to present his speedy trial claim to the state courts, federal habeas relief is not available until the state process has been completed.

Sexton also claims that he is being denied access to the law library and other legal materials. (DE 4.) These claims pertain to the conditions of his confinement rather than the legality of the confinement itself and are not cognizable in a habeas corpus proceeding. *See Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000).

For the foregoing reasons, this habeas corpus petition is DISMISSED pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

SO ORDERED.

ENTERED: January 18, 2011

                                                  s/William C. Lee
                                                  William C. Lee, Judge
                                                  United States District Court